UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| CHAMBERS MEDICAL FOUNDATION | : | DOCKET NO. 05-0786 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| CAROL PETRIE CHAMBERS, ET AL. | : | MAGISTRATE JUDGE WILSON |

**REPORT AND RECOMMENDATION**

Before the court is plaintiff's motion to remand [doc. # 19].[1]

Background

On, or about April 2, 2004, the following parties entered into an Agreement: Carol Petrie Chambers; Jason R. Chambers; Elaine B. Chambers, as trustee of the Marshalled [sic]Cherubs Trust; Dr. Rose Briglevich, as trustee of the R. C. Chambers Irrevocable Trust; Edwin K. Hunter, as co-trustee of the Chambers Medical Foundation; and Russell C. Chambers, M.D., individually, and as co-trustee of the Chambers Medical Foundation. (Complaint, Exh. A). The Agreement provided for among other things, the disposition of property upon the dissolution of the marriage of Russell C. Chambers and Carol Petrie Chambers, the transfer of various other properties and interests between the parties, and the distribution of items and interests effective upon the death of Russell C. Chambers. *Id*. The Agreement further stated that if any party violated the Agreement, or instituted any proceeding to contest the validity of the Agreement, then any and all

---

[1] The motion has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A).

gifts afforded to that party under the Agreement would be revoked and shall instead pass to the Chambers Medical Foundation. *Id*. at ¶ III., 4. Any disagreements over the interpretation and enforcement of the agreement were to be mediated in Lake Charles, Louisiana. *Id.*

On, or about October 14, 2004, Carol Petrie Chambers filed a "Complaint for Divorce and Other Relief" against Russell C. Chambers. (Petition, ¶ 13). Petrie Chambers also instituted legal proceedings in Georgia challenging the terms of the Agreement. *Id.* at ¶ 17. Accordingly, on April 1, 2005, the Chambers Medical Foundation filed the instant "Petition for Enforcement of Mediation Agreement, Breach of Contract, Declaratory Relief, and/or Money Damages" in the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana.

As suggested by the title of the suit, plaintiff contends that Carol Petrie Chambers breached the Agreement because she challenged the terms of the Agreement, and because she failed to mediate the dispute. Thus, pursuant to the Agreement, plaintiff concludes that Carol Petrie Chambers has lost all rights to the gifts and benefits otherwise assigned to her, and that they instead pass to the Chambers Medical Foundation. (Petition, ¶¶ 18-19). The suit also seeks a declaration compelling Carol Petrie Chambers to submit to mediation in Lake Charles, in accordance with the Agreement. (Petition, ¶ 26). Finally, plaintiff seeks a money judgment against Petrie Chambers to the extent that she is unable to forward to plaintiff the gifts and benefits which she has already received under the Agreement. (Petition, ¶ 24). Moreover, not only did the Chambers Medical Foundation sue Carol Petrie Chambers, also made defendants were all of the signatories to the Agreement and their respective trusts. (*See*, Petition, ¶ 1).

Between April 4 and April 11, 2005, all defendants were served with the petition. (Pl.

M/Remand, Exh. A). Carol Petrie Chambers ("Petrie") was served on April 9, 2005. (Notice of Removal, ¶ 2). On May 6, 2005, Petrie removed the case to federal court on the basis of diversity jurisdiction. 28 U.S.C. § 1332. All parties are diverse.[2] The amount in controversy exceeds $ 75,000. (*See*, Notice of Removal, ¶ 8).[3]

On May 25, 2005, plaintiff filed a timely motion to remand.[4] Plaintiff does not question this court's subject matter jurisdiction. Instead, it challenges the court's removal jurisdiction. Specifically, plaintiff contends that removal was procedurally defective because the matter was not removed within 30 days from when the first defendant was served, and because not all defendants joined in, or consented to removal.[5] Petrie contends that there were no defects in the removal process because all other defendants were improperly joined. On June 1, 2005, the court issued a minute entry notifying the parties that if the court found that plaintiff had no reasonable

---

[2] The trustee is the real party to the controversy for purposes of diversity jurisdiction. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464, 100 S.Ct. 1779, 1783-1784 (1980). The trustees of the Chambers Medical Foundation are domiciled in Colorado and Louisiana. (Notice of Removal, ¶ 6). The individual defendants, two of which are trustees for the defendant trusts, are all Georgia domiciliaries. (Petition, ¶ 1).

[3] In Louisiana state court cases, plaintiffs are generally prohibited from alleging a monetary amount of damages in the petition. La. Code Civ. P. Art. 893(as amended by Acts 2004, No. 334). However, if the claim seeks less than the requisite amount for the exercise of federal jurisdiction, plaintiffs are now required to so allege in the petition. *Id*. Here, the petition contains no such limitation. Thus, plaintiff has, in effect, conceded in its state court pleadings that the requisite jurisdictional amount is in controversy. This creates a "strong presumption" in favor of jurisdiction. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 58 S.Ct. 586, 591 (1938). Accordingly, it is "facially apparent" that the amount in controversy exceeds $75,000.

[4] The motion was filed within 30 days of removal.

[5] Indeed, there is no indication that any defendant has joined in, or consented to Petrie's removal.

3

possibility of recovery against the un-consenting defendants, then summary judgment would be recommended *sua sponte* in favor of said defendants. The parties were invited to file any additional briefs and/or competent summary judgment evidence addressing the relevant issue(s). The matter is now before the court.

Discussion

The relevant removal statute provides in part,

> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based,
> . . .
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable,
> . . .

28 U.S.C. § 1446(b).

The Fifth Circuit has interpreted this statute to mean that "in cases involving multiple defendants, the thirty-day period begins to run as soon as the first defendant is served (provided the case is then removable)." *Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1263 (5th Cir. 1988)(citing, *Brown v. Demco, Inc.*, 792 F.2d 478, 482 (5th Cir. 1986); 1A *Moore's Federal Practice* ¶¶ 0.168[3.-5-5] at 586 (1987)).

Furthermore, all properly joined and served defendants must join in the notice of removal or otherwise consent to removal within the 30 day period set forth in 28 U.S.C. § 1446(b). *Jones v. Scogin*, 929 F.Supp. 987, 988 (W.D. La. 1996)(citing, *Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1263 (5th Cir. 1988). The joinder or consent to removal by all

served defendants must be effected within 30 days after the first defendant was served. *Getty Oil*, 841 F.2d at 1263. Failure to do so, renders the removal defective. *Getty Oil*, 841 F.2d at 1263.

Here, at least two defendants were served on April 4 and 5, 2005. (Pl. M/Remand, Exh. A). However, if, as Petrie contends, all of her co-defendants were improperly joined, then their consent to removal is not required, and they do not constitute "first-served defendant(s)" for purposes of the thirty-day removal requirement. *Henderson v. Ford Motor Co.*, 340 F.Supp.2d 722, 724 (N.D. Miss. 2004)(citations omitted); *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir.1993).[6] Thus, our inquiry is whether Petrie's co-defendants have been improperly joined.[7]

Once a case has been removed, the burden lies with the removing party to prove that the court has jurisdiction to decide the claim. *Jernigan, supra* (citing, *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992)). If jurisdiction is alleged on the basis that non-diverse parties have been improperly joined, then the removing party must establish either: "actual fraud

---

[6] Accordingly, Petrie's removal would be timely.

[7] In its motion to remand, plaintiff cited the usual "any possibility of recovery" test for improper joinder. (M/Remand, pgs. 11-15). Yet, in its supplemental memorandum, plaintiff emphasized that the proper standard to be applied is whether the co-defendants are merely "nominal" parties, that is, parties who are neither necessary nor indispensable to the suit. (Pl. Suppl. Memo., pgs. 3-4, citing, *Tri-Cities Newspapers, Inc. v. Tri-Cities Pressmen & Assistants' Local 349*, 427 F.2d 325 (5th Cir. 1970)). However, since *Tri-Cities*, *supra*, the Fifth Circuit has confirmed that the "bottom line concern in determining a nominal party is whether the plaintiff can establish a cause of action against the non-removing defendant in state court. *Farias v. Bexar County Bd. of Trustees for Mental Health Mental Retardation Services*, 925 F.2d 866, 872 (5th Cir. 1991). Thus, the process for determining whether a party is merely "nominal" is akin to the "improper joinder" analysis customarily employed to assess whether a party should be disregarded for purposes of diversity. In any event, the same result obtains under either test. *See*, discussion, *infra*.

5

in the pleading of jurisdictional facts," or "an inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568 (5th Cir. 2004)(*en banc*)(citing, *Travis v. Irby*, 326 F.3d 644 (5th Cir. 2003)). Here, our focus is the second basis for improper joinder. *See, Travis, supra.* In resolving this issue, we must determine whether the removing defendant has demonstrated that plaintiff has "no possibility of recovery" against the non-removing defendants; *i.e.* that there is "no reasonable basis" for the district court to predict that the plaintiff might recover against the non-removing defendants. *Smallwood, supra.*

The court may resolve this issue in one of two ways: 1) the court can look at the allegations of the complaint to determine whether the complaint states a claim against the non-removing defendant under state law (*i.e.* a Fed.R.Civ.P. 12(b)(6) analysis); or 2) in the few cases where the plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder, the court may, in its discretion, pierce the pleadings and conduct a summary inquiry. *Smallwood, supra.* However, the "summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the non-removing defendant." *Id.*[8] In the process, the court must consider "all unchallenged factual allegations" in the light most favorable to the plaintiff. *Travis, supra.* Any contested issues of fact and ambiguities of state law must be resolved in favor of remand. *Id.* If the removing defendant fails to establish improper joinder, then the removal is defective, and remand is required. *Id.*

In the case *sub judice*, plaintiff does not directly allege any causes of action or theories of

---

[8] In other words, facts that can be easily disproved if not true. *Id.*

recovery against Petrie's co-defendants. The closest that plaintiff comes to implicating the co-defendants is in the prayer where a judgment against the "defendants" is requested. (Petition, prayer). For instance, plaintiff asks, *inter alia*, for a judgment recognizing the validity of the Agreement entered into between all parties. *Id*. Plaintiff further requests an order from the court to the parties stating that mediation must take place in Lake Charles. *Id*.

Nevertheless, there are no allegations or evidence that any of the co-defendants contest or even question the validity of the Agreement, or any of its provisions. Thus, there is no justiciable controversy between plaintiff and Petrie's co-defendants. *Jordan v. Louisiana Gaming Control Bd.* 712 So.2d 74, 85 (La.1998)(a declaratory judgment action must present a justiciable controversy). As such, plaintiff has not stated a claim against the non-removing defendants, and has no possibility of recovery against them.

Plaintiff argues that the co-defendants nonetheless have an interest in the outcome of the dispute between it and Petrie. Even if so, as the co-defendants have not challenged the Agreement, all outward indications are that they support the Agreement and its terms. Indeed, if the co-defendants were so interested in this matter, one would have expected them to have made an appearance by now – some three months after service.

We reiterate that plaintiff is seeking a judgment that upholds and enforces the terms of the Agreement. The co-defendants have indicated their support for this result when they signed the Agreement. If plaintiff loses, then the complaint will be dismissed. The only way that the co-defendants' interests could be negatively affected, is if a judgment is rendered nullifying the

Agreement or modifying its terms.[9] As of yet, no counterclaim has been filed seeking that relief, and thus, that is not a possibility.[10]

For the foregoing reasons, we find that plaintiff has no possibility of recovery against the non-removing defendants, and thus, that they are improperly joined, nominal parties. As such, they may be disregarded for purposes of removal, and need not consent thereto. Moreover, removal was timely perfected within 30 days of service upon the sole, properly joined defendant.

As noted by the Fifth Circuit, "[s]ummary judgment will always be appropriate in favor of a defendant against whom there is no possibility of recovery." *Carriere v. Sears, Roebuck &*

---

[9] *See e.g.*, Pl. M/Remand, pg. 16 ("To the extent that the agreement may be determined to be invalid, each of the signatories will have legal rights . . .").

[10] Even applying Federal Rule of Civil Procedure 19, we find that the co-defendants are not indispensable. As stated above, there is no reason why in the absence of the co-defendants, complete relief cannot be accorded to plaintiff. Moreover, the co-defendants have not claimed any interest that may be impeded by the outcome of this action or that would leave the remaining parties subject to multiple or inconsistent obligations.

In its supplemental brief, plaintiff has cited several cases from other jurisdictions to support its argument that all parties to a contract are indispensable. (Pl. Suppl. Memo., pgs. 4-6). However, those cases are largely distinguishable. In some of the cases, the parties are seeking rescission. In others, the language is dicta, or is limited to a finding that a party is "necessary." Nevertheless, one common denominator in all of the cited cases is that they are from other jurisdictions, and thus, are non-binding.

Conversely, in *Tri-Cities Newspapers, Inc. v. Tri-Cities Pressmen & Assistants' Local 349*, the Fifth Circuit stated that besides looking to whether a defendant is a party to the contract, other considerations were relevant, the most important being whether an injunction would be binding against that party or if damages for breach of contract could be imposed. *Tri-Cities Newspapers, Inc.*, 427 F.2d at 327. Here, of course, plaintiff does not seek any damages against the co-defendants, and any equitable relief would be a declaration upholding the terms of the Agreement. *See*, discussion, *supra*; *see also*, *Wormley v. Wormley*, 21 U.S. 421 (1823)(recognizing that when a legatee sues for a specific legacy, or for a sum certain on the face of the will, it is not generally necessary that other legatees should be made parties, because no decree could be had against them); *Hester v. International Union of Operating Engineers, AFL-CIO*, 941 F.2d 1574, 1579 (11th Cir. 1991)(a party to a contract was not indispensable where it was not involved in the breach of contract claim).

*Co.*, 893 F.2d 98, 102 (5th Cir.1990). We have found that plaintiff has no possibility of recovery against defendants, Jason R. Chambers; Elaine Chambers, the Marshall Cherubs Trust, Dr. Rose Briglevich, and the R. C. Chambers Irrevocable Trust. Thus, it is appropriate to enter summary judgment in favor of said defendants, dismissing them from the case.

Accordingly,

IT IS RECOMMENDED that plaintiff's motion to remand [doc. # 19] be DENIED.

IT IS FURTHER RECOMMENDED that judgment be entered in favor of defendants, Jason R. Chambers; Elaine Chambers, the Marshall Cherubs Trust, Dr. Rose Briglevich, and the R. C. Chambers Irrevocable Trust, dismissing them from the case.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 14th day of July, 2005.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE