RECEIVED
IN LAKE CHARLES, LA
JUL -5 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| CHAMBERS MEDICAL FOUNDATION | : | DOCKET NO. 2:05 CV 0786 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| CAROL PETRIE CHAMBERS | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM ORDER

Presently before the court is a Motion to Strike filed by Chambers Medical Foundation ("Chambers"). Chambers is moving to strike a footnote in Petrie's Opposition to the Appeal of the Magistrate Judge's ruling denying remand.

The footnote at issue states:

The Estate claims that it was contemplating intervention even before the district court denied the motion to remand. First, the facts the Estate now alleges were never mentioned when the Estate made the same argument regarding its motivation to the Magistrate Court, and even now, the Estate provides no sworn affidavit to this effect. In light of Hunter's questionable actions in the context of this litigation, *see* Petrie's Reply Brief in Opp. to the Estate's Intervention, at 3 n. 1 (noting the filing of papers in probate action, and a death certificate in this action, representing that Chambers had no spouse), and other federal court rulings calling Hunter's credibility into question, *see In re Marshall*, 275 B.R. 5, 29 (C.D. Cal. 2002), *rev'd on jurisdictional grounds by* 392 F.3d 1118 (9th Cir. 2004), *in turn rev'd by the Supreme Court at* 2006 WL 1131904 (May 1, 2006), this Court should not be content to rely on his unsworn assertions in pleadings. In any event, having failed to raise these facts below, the Estate cannot rely on them now; to allow it to do so would encourage sandbagging.

Second, the Magistrate Court's report and recommendation, which recommended denying remand, had been pending for several months. Even assuming the Estate did telephone various individuals about intervention before the district court's decision regarding remand, it was reasonable to believe that the district court was likely to agree with the Magistrate Court's thorough and well-reasoned decision, and to ultimately dismiss the other defendants. Thus, the fact that



the Estate started floating the idea of intervention with all the parties - *except* Petrie - does not undermine the Magistrate Court's finding that remand (as was requested in the Estate's intervention petition) was its primary motivation. Opposition to Appeal, at 13 n. 10.

The Estate argues that this footnote is "immaterial, impertinent and scandalous." Petrie argues that this case arises, in part, out of actions and duties Hunter took as trustee and legal advisor in obtaining an "Agreement" from Petrie regarding the disposition of property. Petrie further argues that this will inevitably involve questions of Hunter's credibility as well as his compliance with fiduciary and ethical duties to Petrie and others.

In cases such as the one now before the court, where the litigation stakes are high, attorneys must be vigilant not to cross the fine line between zealous advocacy and mendacious conduct. The court expects, and the rules of professional responsibility require, attorneys to fulfill their duty of candor to the court and to be truthful in disclosures to their adversary. An attorney's signature on a document that is misleading is a serious breach of this affirmative duty. An attorney certifies by his signature on pleadings and other documents filed with the court that: to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances [that the filing] is not being presented for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation; that the denials of factual contentions are warranted on the evidence or, if specifically so identified are reasonably based on lack of information or belief. *See* Fed.R.Civ. 11(b); *In re Tutu Wells Contamination Litigation,* 162 F.R.D. 46 (1995), 78 -79 (D.Virgin Islands,1995).

Petrie submits that, because other courts have questioned Hunter's credibility, any factual statements he submits should be required to be in the form of an affidavit or sworn statement. The

duty contained in Rule 11 of attorney candor is a continuing obligation. All attorneys appearing before this court are expected to be honest in their assertions to the court. Failure to do so will be met with sanctions. In light of Rule 11, requiring Hunter to file affidavits or sworn statements when they are not normally required is not warranted.

Petrie asserts that the statements made in the offending footnote are both relevant and true. Hunter does not allege that the statements are not true. He alleges that they are irrelevant and immaterial.

The court notes that the arguments made in support of the appeal were not voiced in previous arguments before the Magistrate Judge. This fact, even combined with an alleged lack of credibility will not cause this court to wholly discredit the Estate's assertions made in the appeal.

Petrie mentions that the facts contained in the footnote are a matter of public record. Hunter (on behalf of the Estate) filed a death certificate in this action that represents that Dr. Chambers was divorced at the time of his death when he was not. The death certificate stated that his wife was Elaine Chambers, his first wife, but made no mention of Petrie. *See* Estate's Mot. to Intervene, Ex. C, Dkt #42 (filed 2/1/06). Petrie argues that, although Hunter disclaims responsibility for the truth of the facts listed in the death certificate, Mot. to Strike p. 6, as Executor of the Estate, he was "surely aware the certificate was false at the time he filed it." Petrie's Brief in Opp. to Mot. to Strike, p. 4. Additionally, consistent with the death certificate's failure to mention Petrie as the surviving spouse, Hunter (as the Estate's Executor) has denied in Colorado probate court pleadings that Petrie is Chambers' surviving spouse. *See* Opp. to Second Mot. to Remand, Ex. 4.

The statements contained in this footnote are not integral to the court's making a decision on the appeal. Neither is striking the footnote necessary. Hunter's credibility may well be an issue

3

in this litigation, but the court will weigh each motion and assertion on its own merits, assuming until proven otherwise, that an officer of the court is exercising complete honesty and candor.

Hunter is concerned that his reputation is being impugned and his reputation for honesty is certainly being challenged. This doesn't change the fact, however, that the documents introduced by Petrie facially support her allegations and credibility is relevant. Accordingly,

IT IS ORDERED that the Motion to Strike by Chambers Medical Foundation IS DENIED.

Lake Charles, Louisiana, this 30 day of June, 2006.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE