


RECEIVED
IN LAKE CHARLES, LA
JUL -5 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| CHAMBERS MEDICAL FOUNDATION | : | DOCKET NO. 2:05 CV 0786 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| CAROL PETRIE CHAMBERS, ET AL. | : | MAGISTRATE JUDGE WILSON |

### MEMORANDUM RULING

On April 4, 2006 [doc. 64], the Magistrate Judge issued a Memorandum Ruling denying a Motion to Intervene by the Estate of Russell C. Chambers ("the Estate") and by Jason R. Chambers ("Jason"). Jason has filed an Appeal and Objection to the Magistrate Judge's Ruling [doc. 66]. The Estate has also filed an Appeal and Objection to the Magistrate Judge's Ruling [doc. 67]. The Magistrate Judge characterized these Motions to Intervene as more in a series of attempts to secure a remand to state court[1] and denied the motions.

Facts

The Chambers Medical Foundation ("the Foundation") sued Carol Petrie Chambers ("Petrie"), the wife of Russell Chambers, for breach of a purported contract dated April 1, 2004 ("the Agreement").[2] The Petition also seeks to enforce the Agreement's mediation provision, to revoke benefits to Chambers allegedly received under the Agreement, and to obtain a declaratory

---

[1] The Estate contends that it planned to intervene regardless of whether remand had been granted.

[2] See Petition for Enforcement of Mediation Agreement, Breach of Contract, Declaratory Relief and/or Money Damages ¶¶ 13-19.

judgment that the Foundation is entitled to all rights and benefits conferred by the Agreement, or, in the alternative, for a money judgment.[3]

On May 6, 2005, Petrie, a domiciliary of Georgia, removed this suit to the Western District of Louisiana on the basis of diversity jurisdiction. In the removal petition, Petrie alleged that the Foundation was then a resident of Louisiana and/or Colorado, that it was only seeking to enforce the Agreement against Petrie, and that the Foundation had fraudulently named the other parties to the Agreement, against whom the Foundation had no claims, in an attempt to frustrate Petrie's attempts to remove the case.

Russell Chambers died on May 30, 2005. His Estate, of which the Foundations's sole Trustee, Edwin K. Hunter, is now the Executor, is currently being probated in Colorado. Jason is Russell Chamber's only son from his first marriage to Elaine Chambers. Jason is one of two named beneficiaries of the Estate and is the only remainderman.

On May 13, 2005, Petrie filed a Motion to Dismiss for Lack of Personal Jurisdiction, or alternatively, to Transfer to the Northern District of Georgia. The Foundation moved to Remand the case to state court because of the presence of nondiverse defendants.[4] The court stayed the Motion to Dismiss and decided the Motion to Remand. On January 23, 2006, this court issued an Order adopting the Magistrate Judge's Report and Recommendation, denying the Foundation's Motion for Remand.

Counsel for Petrie alleges that on that same day, Edwin F. Hunter, III, ("Hunter III") the son

---

[3] Petition ¶¶ 20-44.

[4] On July 14, 2002, the Magistrate Judge determined that the Foundation did not have any claims against any defendant other than Petrie.

of Edwin K. Hunter ("Hunter") and an associate in his father's firm, called counsel for Petrie and asked whether they would object to an intervention by the Estate. Counsel for Petrie responded by letter the next day and advised Hunter that they would need to see the proposed motion before they could determine if there was an opposition. That same day, the Estate allegedly served, but did not file, a Motion to Remand on Behalf of the Estate. The Estate has purportedly since represented that the service was an accident, but counsel for Petrie asserts that this is evidence that a Motion to Remand by the Estate had been prepared in anticipation of the Intervention.[5]

In response, on January 30, 2006, Petrie filed a Memorandum objecting to any Motion to Remand filed by the Estate as they are not a party. On January 31, Hunter III served the Motion for Intervention on behalf of the Estate. In the Intervention, the Estate claimed to be an indispensable party. At a telephone conference with the Magistrate Judge on February 7, 2006, Petrie's counsel states that they indicated they would oppose any intervention by the Estate as a defendant because the Estate's interests, as described in the Intervention, are adverse to Petrie. The Estate contends that, during the telephone conference, it was stipulated by all parties that if the Estate should be permitted to intervene, the case would be remanded to the 14th Judicial District Court since diversity would be destroyed. The Magistrate Judge requested briefs.

On February 14, 2006, Petrie filed her brief opposing the Intervention, pointing out that the Estate was more properly aligned as a Plaintiff, and as such, the Estate would not destroy diversity jurisdiction. One day after these briefs were filed, Jason then requested consent from Petrie to

---

[5] Hunter has filed a Motion to Strike what he calls an "immaterial, impertinent, and scandalous" footnote in Petrie's Brief in Opposition to the Appeal. This footnote questions Hunter's credibility. This Motion to Strike will be addressed in a separate motion. The fact that Hunter asserts that the Estate was contemplating an intervention even before the Magistrate Judge decided the remand issue does not impact this ruling.

Intervene. After reviewing Jason's proposed Intervention, and noting that, like the Estate's Intervention, it requested remand to state court, Petrie declined to consent. Petrie filed a brief opposing this Intervention.

After extensive briefing, the Magistrate Judge issued a Memorandum Ruling denying both the Estate's and Jason's Motions to Intervene. It is this Memorandum Ruling that is being appealed.

Law

The Magistrate Judge held that the court could exercise supplemental jurisdiction over an intervening defendant, even if non-diverse, but that intervening plaintiffs must show a separate jurisdictional basis for their claims. 28 U.S.C. § 1367(b) makes the diversity statute, 28 U.S.C. § 1332, decisive for purposes of determining whether the exclusion to supplemental jurisdiction applies in a particular case. *Mattel, Inc. v. Bryant,* --- F.3d ----, 2006 WL 1149186 at *2 (9th Cir. Mar. 2, 2006). If "the jurisdictional requirements of § 1332" are not offended, then the exclusion does not apply. *Id.;* 28 U.S.C. § 1367(b). In *Mattel, Inc.,* the Ninth Circuit Court of Appeals determined that a nondiverse defendant intervenor who was not an indispensable party did not destroy diversity jurisdiction, noting that this is a "long-established judge-made rule." *Id.* The United States Supreme Court has explained that jurisdiction is determined at the time an action is commenced, and jurisdiction is not defeated by later events, including " 'the intervention, by leave of the court, of a party whose presence is not essential to a decision of the controversy between the original parties.' "[6]

In considering whether assertion of a claim converts a defendant into the "plaintiff" referred

---

[6] *Freeport-McMoRan, Inc. v. K N Energy, Inc.,* 498 U.S. 426, 428, 111 S.Ct. 858, 859-60, 112 L.Ed.2d 951 (1991) (quoting *Wichita R. & Light Co. v. Public Utilities Comm'n,* 260 U.S. 48, 54, 43 S.Ct. 51, 53, 67 L.Ed. 124 (1922)). *See Aurora Loan Services, Inc. v. Craddieth,* 442 F.3d 1018, 1025-26 (7th Cir.2006).

to in § 1367(b), the Fifth Circuit Court of Appeals has held "that 'plaintiff' in § 1367(b) refers to the original plaintiff in the action-not to a defendant that happens also to be a counter-plaintiff, cross-plaintiff, or third-party-plaintiff." *State Nat'l Ins. Co. v. Yates*, 391 F.3d 577, 580 (5th Cir.2004).[7]

The Magistrate Judge next discussed interventions as of right. Federal Rule of Civil Procedure 24(a)(2) provides for intervention as of right: "Upon timely application ⋯ when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."[8]

If the Estate is permitted to join as a defendant, although the Estate would be non-diverse, this court could exercise supplemental jurisdiction. If the Estate is permitted to intervene as a plaintiff, diversity would be destroyed and a remand would follow.

---

[7] The *Yates* court cited with approval the following circuits that have reached the same conclusion: *See, e.g., Grimes v. Mazda N. Am. Operations*, 355 F.3d 566, 573 (6th Cir.2004) ("The supplemental jurisdiction provision, 28 U.S.C. § 1367(b), states congressional intent to prevent original plaintiffs-but not defendants or third parties-from circumventing the requirements of diversity."); *Viacom Int'l, Inc. v. Kearney*, 212 F.3d 721, 726-27 (2d Cir.2000) ("Significantly, § 1367(b) reflects Congress' [s] intent to prevent original plaintiffs-but not defendants or third parties-from circumventing the requirements of diversity."); *United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 492 (4th Cir.1998) ("Thus, the limitation of § 1367(b) applies only to plaintiffs' efforts to join nondiverse parties." (emphasis in original)); *Dev. Fin. Corp. v. Alpha Housing & Health Care, Inc.*, 54 F.3d 156, 160 (3d Cir.1996) ("The plain language of § 1367(b) limits supplemental jurisdiction over claims of plaintiffs against persons made parties under Rule 14, ⋯ and of parties who join or intervene *as plaintiffs* pursuant to Rule 19 or 24. The section has little to say about defendants." (emphasis in original). *Id.*, n. 16.

[8] *Devlin v. Scardelletti*, 536 U.S. 1, 12, 122 S.Ct. 2005, 2011 - 2012 (U.S., 2002).

In examining the requirements of Rule 24[9] as they apply to the Estate, the Magistrate Judge:

1) Questioned the timing of the motion to intervene, as it was filed two weeks after this court denied remand, and it was clearly filed with the objective of securing remand to state court;

2) Observed that the Estate's interest must be "significantly protectable."[10] The Magistrate Judge found that the Estate did not contest the validity of the Agreement that is the subject of the Foundation's Complaint, but seeks to protect unspecified interests with respect to federal and state estate taxes;

3) Found that it was not necessary for the Estate to participate in this litigation to protect its interests; and

4) If the Estate did have an interest to protect, the Foundation could adequately represent the interests of the Estate.

In examining the requirements of Rule 24[11] as they apply to Jason, the Magistrate Judge observed that if Jason were allowed to intervene as a defendant, he would be diverse from the Foundation, or alternatively supplemental jurisdiction under 28 U.S.C. §1367 would be appropriate. However, if Jason intervened as a plaintiff, diversity would be destroyed and supplemental

---

[9] The requirements for intervention as of right as set forth in Rule 24 are: 1) timely application, 2) an interest in the property or transaction that is the subject matter of the litigation, 3) the disposition of the action may impair or impede the intervenor's ability to protect the interest, and 4) the interest is not adequately represented in the action. *Mothersill D.I.S.C. Corp. v. Petroleos Mexicanos, S.A.*, 831 F.2d 59, 61 (5th Cir. 1987).

[10] *See also Ross v. Marshall*, 426 F.3d 745, 757 (5th Cir. 2005).

[11] The requirements for intervention as of right as set forth in Rule 24 are: 1) timely application, 2) an interest in the property or transaction that is the subject matter of the litigation, 3) the disposition of the action may impair or impede the intervenor's ability to protect the interest, and 4) the interest is not adequately represented in the action. *Mothersill D.I.S.C. Corp. v. Petroleos Mexicanos, S.A.*, 831 F.2d 59, 61 (5th Cir. 1987).

jurisdiction would be unavailable.[12] However, the issue of whether Jason would intervene as a plaintiff or a defendant was not decided as the Magistrate Judge determined that Jason did not meet the requirements of Rule 24:

1) As to timeliness, Jason indicated that he had no specific knowledge of when, if ever, he had been served with the pending litigation as a reason for his failure to appear when originally served as a defendant. The Magistrate Judge reasoned that this would tend to excuse his inaction;

2) The Magistrate Judge determined, however, that Jason's interest was not "direct, substantial and legally protectable."[13] Jason did not establish how he would be directly liable to Petrie under the Agreement;

3) Jason did not intend to raise any arguments that will not be pursued by the Foundation. In fact, if the Agreement is found to be valid, Jason must be added as a Trustee of the Foundation; and

4) Jason's interest would adequately be protected by the Foundation.

The Magistrate Judge also declined to allow the Estate to intervene permissively.

Pretrial orders of a magistrate under s 636(b)(1)(A)[14] are reviewable under the "clearly erroneous and contrary to law" standard; they are not subject to a *de novo* determination as are a

---

[12] The Magistrate Judge noted that if Jason were permitted to intervene, it would be as a plaintiff as he has previously been dismissed as a defendant.

[13] *Ross v. Marshall*, 426 F.3d 745, 757 (5th Cir. 2005).

[14] 28 U.S.C. s 636(b)(1)(A) provides: "Notwithstanding any provision of law to the contrary a judge may designate a magistrate to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action.

magistrate's proposed findings and recommendations under s 636(b)(1)(B).[15] The "clearly erroneous and contrary to law" standard as to the issue of intervention as of right requires this court to affirm the decision of the Magistrate Judge unless "on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed.[16]

Both Jason and the Estate argue that the Magistrate Judge improperly considered the intervenors' motivation, i.e. seeking a remand, in analyzing the timeliness of the intervention. While the Magistrate Judge commented on the obvious, he held in both the case of the Estate and Jason, that the interventions were, in fact, timely.

The Magistrate Judge found that neither Jason not the Estate had an interest relating to the property or transaction which is the subject of the motion. The Magistrate Judge was skeptical that the Estate's tax interest was sufficiently definite to support an intervention, but he also determined that, even if the Estate had some minimal interest in making a demand for contribution, any decision by this court based on the Agreement would not prohibit the Estate from bringing such a claim in Probate Court.

Both the Estate and Jason argue that the Magistrate Judge improperly determined the nature of their interests. The Magistrate Judge states that Chambers did not set forth how he might be liable to Petrie under the Agreement. Jason argues that pursuant to the Agreement, a 25% interest in the Gabriel Trust shall be transferred to the Marshalled Cherubs Trust. This interest is subject to a $650,00.00 conditional payment to Petrie. Jason argues that since he is the sole-beneficiary of this

---

[15] See *Calderon v. Waco Lighthouse for the Blind*, 630 F.2d 352, 354-55 (5th Cir. 1980).

[16] *United States v. United States Gypsum Co.*, 333 U.S. 364 (1948).

8

trust, he has a real interest in the litigation surround the Agreement.

Petrie argues that this provision in the Agreement requiring the transfer of an interest in other trusts (in which Petrie has an interest) to the Marshalled Cherubs Trust (of which Jason is the sole beneficiary) demonstrates the liability of the trusts to Jason, not of Jason to the trusts. Petrie submits that the fundamental problem with Jason's argument is that his interest in the enforcement of such provisions is at best indirect and the Trustee of the Marshalled Cherubs Trust, Jason's mother, who has failed to appear or intervene, would be the only person with standing to bring this claim.

In this case, the Trustee would be the only party directly responsible for complying with the Agreement. Jason only has a right to payments from the trust, he has no duty of contribution or payment of the trust's debts. As a beneficiary of the trust, this court agrees with the Magistrate Judge that Jason does not have the direct interest in the litigation sufficient to warrant intervening.

The Estate contends that all of the money and property at issue in this suit originated out of wealth created by Russell C. Chambers, M.D. Dr. Chambers has died, so the Foundation argues that no party has a greater interest in the outcome of this litigation than his Estate. In the intervention, however, the Estate relied upon its tax interests to support its position. The Estate does not know what Petrie took under the agreement, nor does the Estate know "exactly what will compose the contribution claim," "does not know if there will be state tax due," and "does not know th extent of the property that will comprise the Estate."[17] The Magistrate Judge determined that the Estate's tax concerns are better addressed in the Probate Proceedings. Neither the Estate's tax concerns, nor its concern in the enforcement of the Agreement, are sufficiently "direct, substantial and enforceable"

---

[17] Estate Appeal at pp. 8-9.

to warrant intervention as of right.

Both Jason and the Estate argue that their interests will be prejudiced if intervention is denied. The Magistrate Judge reasoned that Jason did not adequately explain how Petrie might be liable to him under the Agreement and that any decision of this court would not prevent him from pursuing a breach of contract claim which he would otherwise be entitled to pursue in part because the Agreement, if enforced in its entirety, would require Jason to mediate any such claims.

Neither Jason nor the Estate has met their burden of showing how their interests will be prejudiced if this intervention is denied.

The Estate and Jason both argue that they should be allowed permissive intervention. Rule 24(b) provides for permissive intervention when: (1) the motion is timely; (2) a statute of the United States confers a conditional right to intervene; or (3) the movants' "claim or defense and the main action have a question of law or fact in common."[18] The district court's Rule 24(b) determination is "wholly discretionary."[19] Thus, "even [where] there is common question of law or fact, or the requirements of 24(b) are otherwise satisfied," a district court may deny permissive intervention if such would "unduly delay or prejudice the adjudication of the rights of the original parties."[20] Denials of permissive intervention are only subject to reversal if extraordinary circumstances so

---

[18] Fed.R.Civ.P. 24(b); *Trans Chem. Ltd. v. China Nat'l Mach. Import and Export Corp.*, 332 F.3d 815, 822 (5th Cir.2003)(quoting Fed.R.Civ.P. 24(b)(2)).

[19] *Kneeland v. Nat'l Collegiate Athletic Ass'n*, 806 F.2d 1285, 1289 (5th Cir.1987).

[20] *Kneeland*, 806 F.2d at 1289.

require.[21] There are no extraordinary circumstances in these attempted interventions, so the Magistrate Judge's decision denying permissive intervention will be upheld.

Accordingly, having considered the arguments of both Jason and the Estate, the Magistrate Judge's ruling denying intervention will be AFFIRMED.

Lake Charles, Louisiana, this ___ day of June, 2006.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[21] *Trans Chem. Ltd.*, 332 F.3d at 822; *Graham v. Evangeline Parish School Bd.*, 132 Fed.Appx. 507, 513-514, 2005 WL 1156018,**6 (C.A.5 (La. (C.A.5 (La.),2005)