RECEIVED
IN LAKE CHARLES, LA
MAR 12 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| CHAMBERS MEDICAL FOUNDATION | : | DOCKET NO. 05-0786 |
| VS. | : | JUDGE MINALDI |
| CAROL PETRIE CHAMBERS, ET AL. | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Before the court is a Motion to Defer Jurisdictional Ruling Pending Discovery [doc. 102] filed by Chambers Medical Foundation ("the Foundation"). The motion is opposed.

### BACKGROUND

The underlying facts of this case are set out in prior opinions of the court and will not be repeated here. A brief discussion of the procedural background, however, will provide the relevant context for the instant motion.

On April 1, 2005, the Foundation sued Carol Petrie Chambers ("Petrie") in the 14th Judicial District Court, Parish of Calcasieu, State of Lousiana. On May 6, 2005, Petrie, a domiciliary of Georgia, removed this suit to federal court on the basis of diversity jurisdiction.[1] On May 13, 2005, Petrie filed a motion to dismiss for lack of personal jurisdiction or, in the alternative, if personal jurisdiction exists, that the case be transferred to the Northern District of Georgia.[2]

---

[1] Doc. 7.

[2] Doc. 14.

1

On May 25, 2005, the Foundation filed a motion to remand.[3] Thereupon, the court deferred a ruling on the motion to dismiss until the remand motion was decided.[4] Little did the court know that the Foundation's motion was only the first in a series of attempts to remand that would continue until September 14, 2006.[5]

Two of the attempts to have the case remanded came in the form of motions to intervene–one filed by Edwin K. Hunter on behalf of Russell C. Chambers' Estate ("the Estate"),[6] and the other by Jason R. Chambers, Russell Chambers' son from his first marriage to Elaine Chambers.[7] The magistrate denied both the Estate's and Jason's Motions to Intervene[8] and the court upheld the magistrate's decision by judgment dated July 5, 2006.[9] The Estate has appealed the court's denial of intervention.[10]

Now that the remand issue has been put to rest, Petrie's motion to dismiss is ready to be heard. The Foundation, however, has filed the instant motion seeking to defer a ruling on the motion to dismiss until further discovery is conducted regarding Petrie's contacts with Louisiana. In particular, the Foundation wants to depose Petrie.

---

[3] Doc. 19.

[4] Doc. 25.

[5] *See* September 14, 2006 Judgment [doc. 97].

[6] Doc. 42.

[7] Doc. 49.

[8] Doc. 64.

[9] Doc. 87.

[10] Doc. 89.

## ANALYSIS

The Foundation suggests that Petrie's contacts with Louisiana need to be further explored. In its motion and memorandum, the Foundation also rebuts Petrie's lack of contacts and argues that Petrie has an ownership interest in properties located in Louisiana, has done business in Louisiana, and has a stake in various business entities in this state.[11] In order to demonstrate these contacts, the Foundation has attached 21 exhibits to its motion.

However, these 21 exhibits, in addition to extensive litigation over two years, underscore the fact that no additional discovery is necessary. Petrie's motion to dismiss was filed in May 2005. Further discovery will merely cause unnecessary delay and expense, and ultimately serve only to frustrate the ends of justice.

A related issue is whether the district court retains jurisdiction to hear Petrie's motion to dismiss in light of the pending interlocutory appeal. As Petrie notes in her opposition to the instant motion, the filing of an interlocutory appeal generally "confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 379, 105 S.Ct. 1327, 1331 (U.S. 1985).

The corollary of the above rule is that the district court retains jurisdiction over matters collateral to the appeal. *Farmhand, Inc. v. Anel Eng'g Indus.*, 693 F.2d 1140, 1145-46 (5th Cir. 1982). In discussing the appeal of a denial of intervention, one treatise explains, "Allowing immediate appeal, moreover, need not interfere with the power of the trial court to continue proceedings with the original parties." 15B CHARLES ALAN WRIGHT, ARTHUR R. MILLER &

---

[11] *See* Mot. to Defer Juris. Ruling 1-3.

EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3914.18 (3d ed. 1998).

Accordingly, the Foundation's Motion to Defer Jurisdictional Ruling Pending Discovery will be denied.

Lake Charles, Louisiana, this ___9___ day of ~~February~~ March, 2007.

PATRICIA MINALDI
UNITED STATES DISTRICT COURT