RECEIVED
IN LAKE CHARLES, LA

AUG 15 2007

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| CHAMBERS MEDICAL FOUNDATION | : | DOCKET NO. 05cv0786 |
| VS. | : | JUDGE MINALDI |
| CAROL PETRIE CHAMBERS, ET AL. | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Before the court is a Motion to Dismiss for Lack of Personal Jurisdiction and Venue, or Alternatively, to Transfer [doc. 14] filed by defendant Carol Petrie Chambers ("Petrie"). The motion is opposed.

The facts and procedural history of this case have been extensively recounted in prior rulings of the court. In short, Petrie field the instant motion on May 13, 2005. After two failed attempts to have the case remanded, a motion to extend discovery, and a stay, the instant motion will be heard.

## ANALYSIS

Finding that transfer is warranted under 28 U.S.C. § 1404(a), the court will forego a discussion of dismissal under Fed.R.Civ.P. 12(b) and proceed directly to the transfer analysis. *Cf. Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, __ U.S. __, 127 S.Ct. 1184, 1192 (2007) ("A district court therefore may dispose of an action by a *forum non conveniens* dismissal, bypassing questions of subject-matter and personal jurisdiction, when considerations of convenience, fairness, and judicial economy so warrant.").

28 U.S.C. § 1404 (a) provides, "For the convenience of parties and witnesses, in the interest

of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The enactment of § 1404(a) did not abrogate the common law doctrine of *forum non conveniens*. *Cowan v. Ford Motor Co.*, 713 F.2d 100, 103 (5th Cir. 1983). Rather, § 1404(a) superseded the doctrine of *forum non conveniens* insofar as transfer to another federal district court is possible. *Id.* Thus, the remedy for an inconvenient forum in a case which comes under the statute is transfer not dismissal.

"The harshest result of the application of the old doctrine of *forum non conveniens*, dismissal of the action, was eliminated by the provision in § 1404(a) for transfer." *Norwood v. Kirkpatrick*, 349 U.S. 29, 32, 75 S.Ct. 544, 546 (1955). As result, the statute permits courts to grant transfers upon a lesser showing of inconvenience than is required of defendants seeking dismissal for *forum non conveniens*. *Id.*

"The determination of 'convenience' turns on a number of private and public interest factors, none of which are given dispositive weight." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (citations omitted). The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Id.* (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n. 6, 102 S.Ct. 252, 258 n. 6 (1981)). The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law. *Id.* (citing *Piper Aircraft*, 454 U.S. at 241 n. 6, 102 S.Ct. at 258 n. 6).

The private and public concerns in this case weigh heavily in favor of transfer to the Northern District of Georgia. This suit arises from the alleged breach of an agreement ("the Agreement") which occurred when the Petrie initiated divorced proceedings.[1] Both the initiation of divorce proceedings and the execution of the Agreement took place in Georgia.[2] Moreover, Petrie is a resident of Georgia, as are the co-signatories of the Agreement who were named defendants and are potential witnesses. Stanley Slutzky, whom Petrie alleges is a key witness in this case, is also a resident of Georgia.[3] With respect to the parties to this action, only Edwin K. Hunter, as trustee of the Chambers Medical Foundation ("the Foundation"), is a Louisiana resident.[4]

The Foundation argues in favor of a Louisiana venue on the basis of the Agreement's mediation clause. That clause states:

> Should the parties to this agreement disagree over its interpretation or enforcement, they will mediate their dispute in Lake Charles, Louisiana. If the disagreement occurs following [Dr. Russell C. Chambers's] death and mediation proves unsuccessful, Edwin K. Hunter will resolve the dispute as amicable compounder, with his decision having the effect of a binding arbitration award. If the dispute involves the Chambers Medical Foundation, Jason [Chambers] shall represent the Foundation in the mediation or arbitration and Edwin [K. Hunter] will resolve the matter with proper regard to each party's interest.[5]

The Foundation asserts that the mediation clause amounts to a forum selection clause and that Petrie has therefore agreed to jurisdiction and venue in Lake Charles, Louisiana.

---

[1] *See* Pet. ¶¶ 13-19.

[2] Pl.'s Ex. A (the Agreement).

[3] Petrie Declaration ¶ 28 (unmarked exhibit to [doc. 14]).

[4] For jurisdictional purposes, the Foundation was considered a domiciliary of Colorado and Louisiana, the domiciles of its trustees, at the time of removal.

[5] Agreement ¶ III.5.

3

The Foundation correctly notes that forum selection clauses are prima facie valid and should be enforced unless shown to be unreasonable under the circumstances. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10, 92 S.Ct. 1907, 1913 (1972). The party seeking to avoid enforcement bears the heavy burden of proving unreasonableness. *Id.* at 17, 92 S.Ct. at 1917. However, in a § 1404(a) analysis, the presence of a forum selection clause is but one factor for consideration– it is not dispositive. *See Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 31, 108 S.Ct. 2239, 2245 (1988) ("The forum-selection clause, which represents the parties' agreement as to the most proper forum, should receive neither dispositive consideration...nor no consideration...but rather the consideration for which Congress provided in § 1404(a).").

Without passing on the merits of the Foundation's underlying claim, the instant mediation clause will be afforded little weight in the § 1404(a) analysis. First, the mediation clause selects a forum for mediation rather than litigation. Second, the mediation clause provides that "Edwin K. Hunter will resolve the dispute as amicable compounder." Edwin K. Hunter, as noted above, is the trustee of the plaintiff, Chambers Medical Foundation. Mr. Hunter is also a partner in the law firm which represents the Russell C. Chambers Estate in this litigation. Notably, Mr. Hunter's son, Edwin F. Hunter, III, is counsel of record for the Russell C. Chambers Estate. The mediation clause is therefore rife with conflicts of interest as Edwin K. Hunter and his law firm have an interest in the outcome of a dispute or litigation arising from the Agreement.

Accordingly, the defendant's motion [doc. 14] will be granted. Because this civil action could have brought in the Northern District of Georgia under 28 U.S.C. § 1391, the above-

captioned case will be transferred to the Northern District of Georgia pursuant to 28 U.S.C. § 1404(a).

Lake Charles, Louisiana, this ___3___ day of Aug, 2007.

*[signature]*
PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE